**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1273-22

JOSEF LANGEL and
STEFANI LANGEL,

      Plaintiffs-Appellants,

v.

STATE OF NEW JERSEY
DEPARTMENT OF
TRANSPORTATION, and
STATE OF NEW JERSEY,

      Defendants-Respondents,

and

UNITED WATER CO./SUEZ,
BERGEN COUNTY, BERGEN
COUNTY DEPARTMENT OF
PUBLIC WORKS, BERGEN
COUNTY UTILITIES
AUTHORITY, ENGLEWOOD
CLIFFS DEPARTMENT OF
PUBLIC WORKS, and TOWN
OF ENGLEWOOD CLIFFS,

      Defendants.

_____

Submitted May 14, 2024 – Decided July 10, 2024

Before Judges Gooden Brown and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8645-19.

Rebenack, Aronow & Mascolo, LLP, attorneys for appellants (Rachel E. Holt, of counsel and on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondents (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Maria A. Rojas, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiffs Josef Langel and Stefani Langel appeal from the Law Division's November 14, 2022 order denying their motion for reconsideration of the September 23, 2023 order granting summary judgment to defendants State of New Jersey Department of Transportation (DOT) and State of New Jersey (collectively, defendants) and dismissing their complaint with prejudice. We affirm.

On March 16, 2019, plaintiff[1] was riding a bicycle on Sylvan Avenue, which is Route 9 West, in Englewood Cliffs. He hit a pothole in the roadway, was thrown off the bike onto the ground, and sustained injuries. Plaintiffs filed

---

[1] We utilize the singular plaintiff to refer to Josef.

a complaint against defendants and other county, municipal and private entities alleging defendants had a duty to keep the roadway in a safe condition but failed to provide proper warnings and safeguards of a dangerous condition, failed to use reasonable care to remedy it, and their negligence resulted in plaintiffs' injuries. The following facts were adduced during discovery.

On the day of the accident, plaintiff and three of his friends were on a bike trip from New York City to Piermont, New York. Plaintiff had ridden his bike on that section of Route 9 West for thirty years and rode that specific route about six months prior to the accident. The pothole that caused the accident abutted a manhole cover in the roadway. Plaintiff never noticed the pothole prior to the accident, nor had he made any complaints about the road condition to any State entities.

Vincent Bozzo was a Specialist 3 for the DOT. Bozzo testified the Assistant Commissioner of Operations, Andrew Tunnard, had a policy that required crew supervisors to be on the road conducting, at a minimum, weekly inspections for potholes.

Ronald Gallucci was a crew supervisor for the DOT and supervised the crew responsible for maintenance of Route 9 West. The maintenance crew performed inspections of the roadway every other day, which consisted of

3

driving around and looking for potholes, litter and overgrown grass. Gallucci testified he had not seen this specific pothole before and, had the DOT received a complaint about the pothole, he or his crew would have stopped and inspected the area. When shown a photograph of the pothole, Gallucci testified it appeared to have some patch material on top of it, but he was unable to describe how the crew fixed potholes because he did not repair them himself.

Willam Falato was an equipment operator for the DOT. Falato testified he was familiar with the area where the accident occurred and had never seen the pothole prior to the accident. If the pothole had been there for a substantial period of time, he or his crew would have noticed it because it was "pretty big." He had also encountered instances where crews inspected an area and did not see any potholes, then within days the DOT received a complaint that a pothole had formed.

Englewood Cliffs Patrol Officer Marc Krapels responded to the scene of the accident and later authored an incident report reflecting he advised the DOT about the pothole and the DOT said it would address it. Krapels testified he had not seen the pothole prior to the accident and, if he had, he would have reported it. Krapels further stated there were not a lot of potholes in the area, and in his experience, one could form at any time because the town is located on a cliff.

A-1273-22

The DOT's records documented it had received reports on March 17, 2015, March 19, 2015, and February 27, 2019, regarding potholes approximately four and a half miles away from the location of the accident. However, there were no complaints about the pothole plaintiff hit.

Plaintiffs obtained an expert engineer report drafted by Richard M. Balgowan, who opined the pothole had been present for at least a year prior to plaintiff's accident. Notwithstanding his conclusion, Balgowan stated that to determine the cause of the sinking or undermining of the pavement around the pothole would require further investigation, which he did not perform. Balgowan also acknowledged he did not perform an inspection of the location until April 23, 2021, over two years after plaintiff's accident, and the pothole had already been repaired by that date.

On August 1, 2022, defendants filed a motion for summary judgment arguing they were entitled to Tort Claims Act (TCA) immunity under N.J.S.A. 59:2-3(a), plaintiffs failed to establish defendants had actual or constructive notice of the alleged condition, defendants' conduct in maintaining the roadway was not palpably unreasonable, and plaintiffs' expert report was a net opinion. Plaintiffs cross-moved for summary judgment, arguing defendants were not entitled to immunity, they had actual and constructive notice of the dangerous

condition, their actions or omissions were palpably unreasonable, and the expert report was not a net opinion.

After hearing argument on the motions, the court granted summary judgment in favor of defendants, denied summary judgment to plaintiffs, and dismissed the complaint with prejudice. The court found "there [wa]s no evidence that the [d]efendants had actual knowledge of the existence of the subject pothole and knew or should have known of its dangerous character prior to [plaintiff]'s accident."

As to constructive notice, the court reviewed the deposition testimony of Gallucci, Falato and Krapels, and found plaintiffs failed to establish the condition had existed for such a period of time nor was it of such an obvious nature that defendants, in the exercise of due care, should have discovered the condition and its dangerous character. The court noted the area was routinely inspected but no one noticed the pothole, which could have developed overnight. The court also addressed plaintiffs' expert:

> It is noteworthy that even [p]laintiffs' expert admits that what caused the condition was the undermining of the substrate under the road surface, a condition which would not be visible from the ground level. The [p]laintiffs' expert further admitted that he would have had to conduct additional investigation to determine what caused the substrate to wash away, which he conceded he did not do. Without personally examining

6

the manhole and the substrate, [p]laintiffs' expert had no factual or scientific basis for making his assertion that the condition was present for at least a year. His opinions are therefore disregarded as net opinion.

Plaintiffs moved for reconsideration, arguing the court abused its discretion by finding defendants were entitled to discretionary immunity and did not have actual or constructive notice, and by determining Balgowan's report was a net opinion.

Without conducting oral argument, the court issued an order denying plaintiffs' motion for reconsideration. In the accompanying rider, the court explained plaintiffs did not present any new information that would have influenced its original decision on summary judgment, and simply took objection to the manner in which the court addressed their claims. The court further found plaintiffs failed to demonstrate the summary judgment decision was based on plainly incorrect reasoning or failed to consider material evidence and therefore the motion fell short of meeting the requisite standard to warrant reconsideration.

This appeal follows, in which plaintiffs raise the following substantive issues for our consideration:

POINT I
THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING PLAINTIFFS' REQUEST FOR ORAL

ARGUMENT WHICH SHOULD HAVE BEEN GRANTED AS OF RIGHT.

POINT II
THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO CONSIDER OR APPRECIATE THE FACTS OF THIS CASE WHICH ESTABLISH THAT DEFENDANTS' ACTIONS ARE NOT ENTITLED TO DISCRETIONARY IMMUNITY AND THUS DENIED PLAINTIFFS' MOTION WITHOUT A RATIONAL EXPLANATION AND ON AN IMPERMISSIBLE BASIS.

POINT III
THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO CONSIDER EVIDENCE SUGGESTIVE OF DEFENDANTS' ACTUAL NOTICE OF THE DEFECTIVE POTHOLE AND THUS DENIED PLAINTIFFS' MOTION WITHOUT A RATIONAL EXPLANATION AND ON AN IMPERMISSIBLE BASIS.

POINT IV
THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO CONSIDER EVIDENCE OF DEFENDANTS' CONSTRUCTIVE NOTICE OF THE DEFECTIVE POTHOLE AND THUS DENIED PLAINTIFFS' MOTION WITHOUT A RATIONAL EXPLANATION AND ON AN IMPERMISSIBLE BASIS.

POINT V
THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO PERFORM A PROPER NET OPINION ANALYSIS WITH RESPECT TO PLAINTIFFS' LIABILITY EXPERT AND THUS DENIED PLAINTIFFS' MOTION WITHOUT A RATIONAL

EXPLANATION AND ON AN IMPERMISSIBLE BASIS.

Although the summary judgment order is not before us on appeal, we discuss the reasons articulated in the rider to that order because the court incorporated it into its denial of the motion for reconsideration.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

Plaintiffs' complaint arises from an accident on a public highway and therefore the claims are governed by the TCA, N.J.S.A. 59:1-1 to :12-3. The TCA provides:

> A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.

[N.J.S.A. 59:4-2.]

A public entity has actual notice of a dangerous condition "if it had actual knowledge of the existence of the condition and knew or should have known of its dangerous character." N.J.S.A. 59:4-3(a). A public entity has constructive notice of a dangerous condition "if the plaintiff establishes that the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character." N.J.S.A. 59:4-3(b).

Turning to the order on appeal, we review a trial judge's decision on whether to grant or deny a motion for reconsideration under Rule 4:49-2 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (citing Kornbleuth v. Westover, 241 N.J. 289, 301 (2020)). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible

basis.'" Pitney Bowes Bank, Inc. v. ACB Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (internal quotation marks and citation omitted)).

Reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). Rather, reconsideration

> should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).]

The court's decision on summary judgment reflects its reasons for finding defendants had neither actual nor constructive notice of the pothole. The witnesses who patrolled the area testified they would have noticed it had it been there, but they did not see it. There was no report of the pothole from the public, and the nearest report of a pothole was four and a half miles away. Although plaintiffs cited a photograph of the manhole cover showing it had been paved over at some point, and thus established actual notice, the record was devoid of any evidence the repair had been performed prior to plaintiff's accident.

As to constructive notice, there was no dispute that the pothole was sizeable, but plaintiffs could not show it had existed for such a period of time that the DOT, in the exercise of due care, should have discovered it. The witnesses all agreed that, in their experience with that area of Route 9 West, a pothole could form within a few days or even overnight. Even plaintiff did not notice the pothole when he biked on that road six months before the accident. Therefore, plaintiffs' proof of constructive notice hinged on their expert's opinion the pothole had been there at least a year prior to the accident.

The expert stated the pothole was formed by undermining of the substrate under the road surface, which was not visible from the ground level, but did not conduct the additional investigation needed to determine its cause. He also did not view the pothole in person until two years after the accident, when it had already been repaired. Therefore, the court found the expert to have rendered a net opinion because he had no factual or scientific basis for his assertion the pothole had existed for over a year. While the decision did not cite case law, it sufficiently explained the expert's opinion was a mere conclusion because he could not "give the why and wherefore" that supported his opinion. See Pomerantz Paper v. New Cmty. Corp., 207 N.J. 344, 372 (2011) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 583 (2008)).

We next turn to discretionary immunity, which the court did not rely on as a basis to grant defendants' motion but briefly discussed in the context of "the discretion on how to inspect and maintain public property" under N.J.S.A. 59:2-3. Contrary to plaintiffs' contentions, it is clear the court did not extend discretionary immunity to the ministerial acts of inspecting for and repairing potholes. To the extent plaintiffs' complaint encompassed the DOT Assistant Commissioner's policies establishing how and when to inspect roadways and make repairs, the court determined those decisions were entitled to discretionary immunity.

Here, plaintiffs fail to show the court's denial of reconsideration was made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis, and we therefore discern no abuse of discretion as to that decision. Additionally, to the extent plaintiffs contend the judge erred in denying their request for oral argument on their reconsideration motion, we are not persuaded. Unlike the trial court in Rispantini v. Arocho, 364 N.J. Super. 528 (App. Div. 2003), which is cited by plaintiffs, here the court heard argument on the initial summary judgment motions. Therefore, while oral argument on substantive motions should ordinarily be granted, Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997), when a movant seeks reconsideration, but

13

presents no new issues, the denial of oral argument is not an abuse of discretion.

Palombi, 414 N.J. Super. at 288.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1273-22